Jianhai Xu v Castleton Commodities Intl. LLC (2024 NY Slip Op 01164)

Jianhai Xu v Castleton Commodities Intl. LLC

2024 NY Slip Op 01164

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 654803/19 Appeal No. 1795-1795A Case No. 2022-05069, 2023-03785 

[*1]Jianhai Xu, Plaintiff-Appellant,
v
Castleton Commodities International LLC, Defendant-Respondent.

Rottenberg Lipman Rich, P.C., New York (Harry W. Lipman and Robert A. Freilich of counsel), for appellant.
Kesch Law Group PLLC, New York (Craig S. Kesch of counsel), for respondent.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about October 11, 2022, which granted defendant Castleton Commodities International LLC's motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment, unanimously affirmed, with costs. Order, same court and Justice, entered June 12, 2023, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, with costs. The motion court properly determined that plaintiff, former Managing Director at defendant Castleton Commodities International LLC (CCI), had forfeited the Equity Units he had received from CCI pursuant to its Equity Incentive Program Agreements by becoming the CEO and President of a company engaged in the same or similar business four months after his termination (see W.R. Berkley Corp. v Hall , 2005 WL 406348, [Del Super Ct, Feb 16, 2005, C.A. No. 03C-12-146 WCC]; see also W.R. Berkley Corp. v Dunai ,2021 WL 1751347, *2, 2021 US Dist LEXIS 85030, *5-7 [D Del, May 4, 2021, No. 1:19-cv-01223-SB]). Contrary to plaintiff's contention, the motion court properly determined that, under Delaware law, the equity-forfeiture-for-competition provision at issue constituted a contractual obligation rather than a restraint of trade (see id. ). Thus, in the absence of any claim that any of the underlying agreements are ambiguous, unconscionable, or otherwise unenforceable, the parties are bound by the obligations contained therein (see James v National Fin., LLC , 132 A3d 799, 812-813 [Del Ch 2016]).
Supreme Court did not abuse its discretion in denying renewal (see id. ; Dousmanis v Joe Hornstein, Inc. , 181 AD2d 592, 593 [1st Dept 1992]). Ainslie v Cantor Fitzgerald L.P. (2023 WL 106924, 2023 Del Ch LEXIS 22 [Del Ch, Jan 4, 2023, Consol. C.A. No. 9436-VCZ], revd 2024 WL 315193, 2024 Del LEXIS 28 [Jan. 29, 2024, No. 162, 2023]) was potentially distinguishable on the facts. Moreover, it did not control over W.R. Berkley Corp . In any case, it has since been reversed.
On these facts, we do not find it violative of fundamental public policy to enforce the equity-forfeiture-for-competition agreement (see Cooney v Osgood Mach. , 81 NY2d 66, 79-80 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024